UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD TAYLOR, JR.                                          CIVIL ACTION

VERSUS                                                      NUMBER: 14-0173

CAROLYN W. COLVIN, ACTING                                   SECTION: "C"(5)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the Defendant's Rule 12(b)(6) motion to dismiss, which was previously converted to a motion for summary judgment under Rule 56(c) as required by Rule 12(d), and Plaintiff's opposition thereto. (Rec. docs. 12, 13, 14). For the reasons that follow, it is recommended that Defendant's motion be granted.

By way of her present motion, Defendant argues that consideration of Plaintiff's complaint in this matter is barred by the doctrine of *res judicata* because it seeks review of an adverse decision of the Commissioner denying Plaintiff's applications for Social Security benefits that was litigated and was adjudicated to Plaintiff's detriment in a previous lawsuit that he filed here. As reflected by the attachments to Defendant's motion

and the record of that previous lawsuit, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") benefits on August 25, 2010 that were denied by the Administration at the initial level on November 10, 2010 and by an Administrative Law Judge ("ALJ") on July 26, 2011.  (Rec. doc. 12-2, pp. 14-18).  The Appeals Council ("AC") subsequently denied Plaintiff's request for review of the ALJ's decision on October 23, 2012 and he, through counsel, sought judicial review of the ALJ's decision by filing the lawsuit entitled *Taylor v. Colvin*, No. 12-CV-3027 "C"(5). (Rec. doc. 12-2, pp. 22-24; rec. doc. 1 in 12-CV-3027).  After the parties had filed cross-motions for summary judgment as was ordered, on December 5, 2013, the Magistrate Judge to whom the case was allotted issued a Report and Recommendation recommending that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted. (Rec. docs. 10, 12, 13 in 12-CV-3027).  Objections to aforementioned Report and Recommendation were filed by Plaintiff and on January 3, 2014, the District Judge adopted the Report and Recommendation as her opinion and ordered that Plaintiff's complaint be dismissed.  (Rec. docs. 15, 16 in 12-CV-3027).  Judgment to that effect was entered the same day.  (Rec. doc. 17 in 12-CV-3027).  No appeal of the latter judgment was taken.

On January 23, 2014, Plaintiff, proceeding *pro se*, initiated the above-captioned lawsuit by completing and tendering to the Clerk of Court the one-page complaint form that is made available to the public for that purpose along with an application to proceed *in forma pauperis*.  (Rec. docs. 1, 2).  Attached to Plaintiff's complaint is a copy of a letter dated January 10, 2014 from the attorney who had represented him in his previous lawsuit in

which the attorney reported the dismissal of that lawsuit on January 3, 2014 and ". . . advised that if you wish to appeal from this decision, you should file a <u>Notice</u> of <u>Appeal</u> in the United States District Court for the Eastern District of Louisiana no later than March 3, 2014." (Rec. doc. 1, p. 2)(emphasis added). In due course, the Defendant filed the motion that is presently before the Court; Plaintiff's opposition thereto followed. (Rec. docs. 12, 14).

Plaintiff's memorandum in opposition to Defendant's motion does not address any of Defendant's summary judgment arguments. Instead, Plaintiff takes exception with the quality of the service that was afforded by his counsel in the previous lawsuit, including the thoroughness of the medical records that were submitted in that prior proceeding. Plaintiff thus attaches to his opposition memorandum unverified copies of additional medical records, many of which were not submitted in that prior proceeding at either the administrative or judicial levels. He argues that he is currently disabled by back pain in what he concedes ". . . is the end of my appeals . . ." (Rec. doc. 14).

"The jurisprudential doctrine of *res judicata*, or claim preclusion, does not permit a party to relitigate claims that []he has already had the opportunity to litigate." *Calica v. Commissioner of Social Security*, 601 F.Supp.2d 203, 205 (D. D.C. 2009). "Under the doctrine of claim preclusion, 'a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action.'" *Id.* (quoting *Apotex Inc. v. FDA*, 393 F.3d 210, 217 (D. C. Cir. 2004)). "Parties 'may not litigate any ground for relief which they already have had an opportunity to litigate – even if they chose not to exploit that

3

opportunity' in the prior suit." *Id.* (quoting *Page v. United States*, 729 F.2d 818, 820 (D. C. Cir. 1984)).

The judgment that was entered in 12-CV-3027 adjudicated Plaintiff's entitlement to Social Security benefits pursuant to the applications for benefits that he filed in 2010. The delays for appealing that judgment to the Fifth Circuit have now passed and a re-review of Plaintiff's entitlement to DIB and SSI benefits as sought in those prior applications is now foreclosed by the doctrine of *res judicata*. Plaintiff not having filed a new application for benefits nor moving the Commissioner to reopen the prior administrative determination, there is also no new "final decision" that is susceptible of judicial review under 42 U.S.C. §405(g). *See Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 484 U.S. 969, 108 S. Ct. 466 (1987). In light of the authorities set forth above, and because Plaintiff presents no colorable constitutional challenge to the Commissioner's decision, *Califano v. Sanders*, 430 U.S. 99, 108-09, 97 S. Ct. 980, 986 (1977), Defendant's motion should be granted and Plaintiff's suit should be dismissed.[1/]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's motion be granted and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

---

[1/] The Court parenthetically notes that ". . . in civil suits, where the Sixth Amendment does not operate, parties are generally 'held accountable for the acts and omissions of their attorneys.'" *D.C. v. Klein Independent School District*, 711 F.Supp.2d 739, 748-49 (S.D. Tex. 2010)(quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396-97, 113 S. Ct. 1489, 1499 (1993)).

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __14th__ day of _____August_____, 2014.

                                            MICHAEL B. NORTH
                                     UNITED STATES MAGISTRATE JUDGE